UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-CR-2 (JWB/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

OLVIN NAHUM LEON-MOLINA,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and the defendant, Olvin Nahum Leon-Molina, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with willful injury and depredation against government property, in violation of 18 U.S.C. § 1361. The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

2. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 2 of the Indictment. In pleading guilty, the defendant admits the

1

following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a.    On the morning of October 24, 2025, federal law enforcement officers sought to conduct a traffic stop of a vehicle driven by the defendant. At the time, the defendant had multiple active state arrest warrants for driving while intoxicated, and federal law enforcement was aware that the defendant lacked legal status in the United States.

b.    Federal law enforcement officers activated their vehicle's emergency lights to initiate a traffic stop of the defendant's vehicle. The defendant first struck a parked car. Law enforcement positioned their vehicle with emergency lights in front of the defendant's vehicle to block his escape. The defendant then accelerated his vehicle into the side of the law enforcement vehicle and continued accelerating his vehicle into the law enforcement vehicle in an attempt to push the law enforcement vehicle out of the way to enable the defendant's escape.

c.    The defendant's vehicle remained wedged between the law enforcement vehicle and a parked car. After the defendant was unable to use his vehicle to push past the law enforcement vehicle, he fled on foot. Officers issued directives to stop in both Spanish and English. Officers eventually caught the defendant and placed him under arrest.

d.    The defendant acknowledges that he willfully drove his vehicle into the federal law enforcement vehicle, and that his willful actions resulted in injury and depredation against property of the United States.

e.  Specifically, the defendant admits and agrees that his willful actions driving his vehicle into a 2016 Ford Expedition belonging to the United States caused $13,550.73 in actual damage to the government vehicle.

f.  The defendant admits and agrees that he acted voluntarily and that he knew his actions violated the law.

3.  **Waiver of Pretrial Motions**.  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case.  The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.  **Waiver of Constitutional Trial Rights.**  The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination.  The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him.  The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public

and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.    **Immigration Consequences.** The defendant is not a citizen of the United States. The defendant understands that pleading guilty may have consequences with respect to the defendant's immigration status, including removal or deportation, and that his plea of guilty may result in the denial of admission to the United States in the future. The defendant understands that no one, including the defendant's counsel, the Assistant United States Attorney, or the District Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Regardless of any immigration consequences that may follow

from a guilty plea, even automatic removal or deportation from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

7. **Statutory Penalties**. The defendant understands that Count 2 of the Indictment, charging willful injury and depredation of government property in violation of 18 U.S.C. § 1361 is a felony offense that carries the following statutory penalties:

    a.    a maximum of 10 years in prison;

    b.    a supervised release term of up to 3 years;

    c.    a maximum fine of $250,000;

    d.    restitution as agreed to by the parties in this agreement and any mandatory restitution as provided for in this agreement;

    e.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

    a.    Base Offense Level. The parties agree that the base offense level is 6. U.S.S.G. § 2B1.1(a)(2)

    b.    Specific Offense Characteristics. The parties agree that the offense level should be increased by 2 levels because the offense involved damage and loss that was more than $6,500 but less than $15,000. U.S.S.G. § 2B1.1(b)(1)(B). The parties agree that

the facts and circumstances of this case support no other specific offense characteristics.

c.     <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, the facts and circumstances of this case support no Chapter 3 adjustments.

d.     <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

e.     <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he nor the government will be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.     <u>Guidelines Range</u>. If the adjusted offense level is 6 (6+2-2), and the criminal history category is I, the Sentencing Guidelines range is **0-6 months of imprisonment**.

g.     <u>Fine Range</u>. If the adjusted offense level is 6, the Sentencing Guidelines fine range is $$1,000-9,500. U.S.S.G. § 5E1.2(c).

h.     <u>Supervised Release</u>. The Sentencing Guidelines call for the Court to conduct an individualized assessment of the supervised release term. U.S.S.G. § 5D1.2.

9.     **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory

6

maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation.** The parties agree that they will jointly make a sentencing recommendation of time served (the defendant has remained in custody—either with immigration authorities or the Untied States Marshal—since his arrest on October 24, 2025). If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Agreements as to Combined Hearing and Pre-Sentence Report.** Provided the defendant abides by the terms of this Agreement and continues to meet

its requirements, the government will not object to a combined change of plea and sentencing hearing, if that is the request of the defendant. Similarly, the government will not request a Pre-Sentence Report, if the defendant chooses to waive the Pre-Sentence Report. As outlined further in ¶ 14 below, the parties agree that the restitution amount the defendant owes to the United States is $13,550.73, and the parties do not request a Pre-Sentence Report for the purpose of determining the restitution amount.

13. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

14. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 3663 applies and that the Court may order the defendant to make restitution to the victims of his crime. The defendant agrees that he owes restitution and agrees that the Court will order him to pay restitution in the amount of $13,550.73 to the United States. The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum

payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

15. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

16. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that

9

excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 6 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed

10

every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

Date: _04/16/2026_

BY:   David B. Green
Assistant United States Attorney

Date: _4-16-2026_

Olvin Nahum Leon-Molina
Defendant

Date: _4-16-2026_

Robert H. Meyers
Counsel for Defendant